IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs September 6, 2006

## BARRY BASS v. LARRY D. BILLEAUDEAUX, JR., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000575-06     John R. McCarroll, Judge**

_____

**No. W2006-01219-COA-R3-CV - Filed September 27, 2006**

_____

This is a personal injury action. The trial court awarded summary judgment to Defendants based on the statute of limitations. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Barry Bass, *Pro se*.

Robert M Fargarson, Memphis, Tennessee, for the appellees, Larry D. Billeaudeaux, Jr., Kathy Rutledge and Larry Billeaudeaux.

**MEMORANDUM OPINION**[1]

This lawsuit arises from an August 27, 2004, automobile accident in which Plaintiff Barry Bass (Mr. Bass) alleged that a vehicle operated by Defendant Larry D. Billeaudeaux, Jr. (Larry), then seventeen years of age, crashed through the front window of the Super Navy Market in Millington

_____

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and injured Mr. Bass, who was a customer in the store. Acting *pro se*[2] and on an affidavit of indigence, on October 3, 2005, Mr. Bass filed a cause of action in the Shelby County Court of General Sessions against Larry and his parents, Larry Billeaudeaux and Kathy Rutledge (collectively, Defendants). The general sessions court dismissed the action based on the one year limitations period prescribed by Tennessee Code Annotated § 28-3-104.

Mr. Bass appealed to circuit court. On February 16, 2006, Defendants answered and moved for dismissal based on the statute of limitations. On February 21, 2006, Mr. Bass filed a "motion for consideration" asserting he suffered seizures, mental retardation, and schizophrenia. Also in the record are a clinical report and correspondence from the Veterans Medical Center in Memphis indicating that Mr. Bass does indeed suffer from mental retardation and schizophrenia. On March 2, 2006, Defendants filed a statement of undisputed facts, asserting Mr. Bass had filed his action outside the one-year limitations period. Mr. Bass replied on March 14 and March 17, asserting incompetency. The record further contains correspondence dated March 9, 2006, from the Mental Health Clinic of the Veterans Medical Center affirming that Mr. Bass suffers schizophrenia and moderate mental retardation. On June 1, 2006, the trial court awarded summary judgment to Defendants based on the limitations period. Mr. Bass now appeals.

On appeal to this Court, Mr. Bass's argument, in its entirety states:

Dear Judge I had a Licensed of Attorney he stop helping me on July 13, 2005 he was up set he could not get know help From the person who hit me so he close the case when I got some one to help me it was to late and I was still sick From the head on down I was hit by a car in a store the court had told him to pay the Bill he never did thats was Juvenile court in September of 2004 I side it was over and Mr. Larry Daniel Billeaudeau[x] was going to pay thay told the Judge but thay never did so I got Gary Green at 40 north pauline street memphis tenn 38105 - 901-523-0999 he stop help me to he close the case so will you let my case be on trial at this time I did not make that mistake by not fileing in one year I had a Lawer here is copys[] of them[.]

Thank you.

The issue raised on appeal, as we perceive it, is whether the trial court erred by awarding summary judgment to Defendants where the limitations period for personal injuries prescribed at Tennessee Code Annotated § 28-3-104 was tolled pursuant to Tennessee Code Annotated § 28-1-106 in this case. Section 28-1-106 provides:

If the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such person,

---

[2]The record reflects that Mr. Bass had obtained legal counsel at some time prior to December 22, 2004, and that counsel declined further representation on July 13, 2005.

-2-

or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106 (2000). In order to assert tolling of the limitations period under § 28-1-106, the plaintiff must demonstrate that he was incompetent at the time the cause of action accrued. *Foster v. Allbright*, 631 S.W.2d 147, 150 (Tenn. Ct. App. 1982).

In light of the foregoing, we find that Mr. Bass sufficiently asserted tolling of the limitations period by reason of disability under § 28-1-106 in the trial court. We further find a genuine issue of material fact exists regarding whether Mr. Bass was disabled at the time the action accrued so as to toll the one-year limitations period. We accordingly reverse summary judgment in favor of Defendants, and remand for determination of whether the statute of limitations was tolled pursuant to § 28-1-106 and for further proceedings. Costs of this appeal are taxed to the Appellees, Larry D. Billeaudeaux, Jr., Kathy Rutledge, and Larry Billeaudeaux.

_____
DAVID R. FARMER, JUDGE